GARY M. RESTAINO
United States Attorney
District of Arizona
JACQUELINE SCHESNOL
Assistant U.S. Attorney
Arizona State Bar No. 016742
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Christopher Michael Fiorentino,

Defendants.

No. CR-20-00642-GMS

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SEVER**

The United States respectfully responds to Defendant Fiorentino's Motion to Sever and urges this Court to deny the Motion. Undersigned counsel requested additional time to respond to Defendant's Motion, that request has not yet been ruled on. As such, the government is filing this Response with the request to modify, update, or edit in the future if necessary.

Introduction

On August 29, 2023, a grand jury returned a superseding indictment against Defendant Fiorentino, charging him with 22 separate counts. On September 14, 2023, Defendant Fiorentino filed a Motion to Sever (ECF 91) Count 22 from the remaining 21 counts. Defendant Fiorentino asserts Count 22 is unrelated to the other counts. Defendant Fiorentino's motion fails, because much of the testimony and evidence used to prove Count 22 overlaps with the other counts. Additionally, the jury will be instructed that it must find

beyond a reasonable doubt Defendant Fiorentino committed each count and can be further aided in their deliberations with a limiting instruction.

Facts

Between at least August 2018 and October 2020, for financial gain, Defendant Fiorentino sold firearms without a license to various individuals, at times holding himself out as a licensed firearms dealer. During the relevant time period, Defendant Fiorentino opened multiple bank accounts and moved money between accounts; had no discernable legitimate source of income, as such all or most money in those accounts were derived from firearm sales. Millions of dollars moved through Defendant Fiorentino's various bank accounts. Between at least August 2018 and October 2020, Defendant Fiorentino used proceeds from firearms sales to purchase vehicles and to facilitate the acquisition of additional firearms (many of those firearms he subsequently sold). In October 2018, Defendant Fiorentino structured cash deposits into multiple accounts at multiple ATM locations in amounts less than $10,000 to avoid bank reporting requirements. For financial gain, between September 2019 and January 2020, Defendant Fiorentino traveled internationally to purchase firearms, which were imported into the United States, dispersed through the country. At times, Defendant Fiorentino used an address he did not reside at on ATF 4473 forms; indicated on ATF 4473 forms that he was the actual purchaser of firearms when he was acquiring them for other people. The superseding indictment encompasses these crimes. Between June and September 2020, Defendant Fiorentino fraudulently obtained over $19,000 in PUA monies, which were then deposited into accounts already containing firearms proceeds. This was done for financial gain. Defendant Fiorentino used the PUA money to purchase additional firearms, many of which in sold for financial gain. Between at least August 2018 and October 2020, Defendant Fiorentino possessed hundreds of firearms, including short-barreled rifles and a machine gun, which are illegal absence registration.

To prove its case, the government expects to produce several exhibits, including extensive bank records and financial documents. These exhibits will be pertinent to several counts, including 3, 20, 21, and 22. The government will present witness testimony regarding Defendant Fiorentino's financial records. This individual will be the same witness for Counts 2, 20, 21, and 22. Therefore, the evidence used to prove Count 22 in entwined with the evidence of several other counts in the Superseding Indictment.

Law

Offenses are properly joined when they "...of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

Joinder is the rule, not the exception, in criminal cases. *United States v. Nolan*, 700 F.2d 479, 482 (9th Cir. 1983). Offenses that have been properly joined are only to be severed if "so manifestly prejudicial" that is outweighs the "dominant concern with judicial economy" compelling the court to exercise its discretion to sever. *United States v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir.1988) (quoting *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir.1980))."

In ruling on a motion to sever, "[t]he district court has wide discretion." *United States v. O'Neal*, 834 F.2d 862, 866 (9th Cir. 1987), *United States v. Vaccaro*, 816 F.2d 443, 449 (9th Cir. 1987), *overruled on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988). In the Ninth Circuit, "the proper test is 'whether joinder was so prejudicial to a defendant that it outweighs the dominant concern with judicial economy and requires the exercise of the trial court's discretion in only one way.'" *O'Neal*, 834 F.2d at 866 (quoting *United States v. Burgess*, 791 F.2d 676, 678 (9th Cir. 1986)). Therefore, "this burden is a difficult one to carry." *United States v. Douglass*, 780 F.2d 1472, 1478 (9th Cir. 1986). Indeed, the prejudice must be "manifestly prejudicial" such that a "defendant's right to a fair trial was abridged." *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir.

1986). Appellate review is limited to abuse of discretion. *United States v. Begun*, 446 F.2d 32, 33 (9th Cir. 1971) (*per curiam*).

When a district court rules on a motion to sever, "its primary consideration is 'whether the jury can reasonably be expected to compartmentalize the evidence' applicable to each count." *O'Neal*, 834 F.2d at 866 (quoting *United States v. Monks*, 774 F.2d 945, 949 (9th Cir. 1985)). Although the Ninth Circuit has recognized that it can be more difficult for jurors to compartmentalize evidence about one defendant derived from different counts, *see Lewis*, 787 F.2d at 1322, it has repeatedly held in various cases that compartmentalization can be expected. *See, e.g.*, *United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir. 1987) (upholding denial of severance motion on three counts of bank robbery against one defendant); *O'Neal*, 834 F.2d at 866 (upholding denial of severance motion on four counts of tax evasion against one defendant); *Douglass*, 780 F.2d at 1479 (upholding denial of severance motion on continuing enterprise case involving multiple defendants).

In considering a severance motion, a court's review is fact-specific: "the existence of prejudice from a joinder of offenses depends, in large measure, upon the facts and circumstances of each case." *Begun*, 446 F.2d at 33. In conducting this fact-specific inquiry to determine whether there is "manifest prejudice" compelling the court to exercise its discretion, the court considers the nature of the evidence and limiting instructions. Specifically, if "evidence of one of the crimes would be admissible in a separate trial for the other crime ... the joinder of offenses, in most instances, will not be prejudicial." *Id*. Furthermore, the Ninth Circuit has underscored the importance of limiting instructions in these cases. "A crucial factor is the judge's diligence - or lack thereof - in instructing the jury on the purposes to which various strands of evidence may be put." *Douglass*, 780 F.2d at 1479. In upholding district courts' denial of severance motions, the Ninth Circuit has noted the district courts' admonishment of juries on this issue. *See, e.g., id.; Johnson*, 820 F.2d at 1071; *Burgess*, 791 F.2d at 679 (recognizing district court's three separate

instructions to consider the counts separately and noting the lack of instruction in *United States v. Lewis*, 787 F.2d 1318 (9th Cir. 1986), was a factor in producing manifest prejudice). Thus, as has been made clear by the case law, if the district court instructs the jury to separately consider each crime and decide whether the evidence establishes guilt on each count, severance is not necessarily required.

<u>Argument</u>

Defendant Fiorentino's Motion fails because he has not shown that manifest prejudice would result in a joint trial. Despite Defendant Fiorentino's assertion, the receipt of fraudulently obtained PUA money was, in fact, used to acquire additional firearms (some of which were then sold)

Given the strength of the evidence supporting each count, the prejudice is likely to be negated. The strength of the evidence can factor into the perceived prejudice or need to sever a count. *United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir.), *opinion amended on denial of reh'g*, 798 F.2d 1250 (9th Cir. 1986) (severing counts where the evidence of the killing was sparse); *see also United States v. Arce-Serrano*, 21 F. App'x 623, 625 (9th Cir. 2001) (denying severance where "evidence that Arce-Serrano made the false statements on the Form 4473s was overwhelming, negating any prejudice that may have been caused by evidence of his prior conviction."); *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975) ("[W]here a charge justifying joinder turns out to lack evidence, the trial judge should be particularly sensitive to the possibility of prejudice.") citing *Schaffer v. United States*, 362 U.S. 511, 516, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960) (dictum).

This Court, in looking at the compartmentalization issue and whether prejudice exists, should consider the admissibility of the evidence of the counts as against each other and should also consider how a jury would be instructed. *See Begun*, 446 F.2d at 33, and *Douglass*, 780 F.2d at 1479. If the evidence as one count is admissible in trial for the other counts and vice versa, severance is not required. *See Begun*, 446 F.2d at 33. Furthermore,

if careful instructions are given to the jury regarding how to consider the evidence on the counts, severance is not required. *See, e.g., Douglass*, 780 F.2d at 1479.

*Similar Evidence*

As mentioned above, the government expects to produce several exhibits, including extensive bank records and financial documents. These exhibits will be pertinent to several counts, including 3, 20, 21, and 22. The government will present witness testimony regarding Defendant Fiorentino's financial records. This individual will be the same witness for Counts 2, 20, 21, and 22. Therefore, the evidence used to prove Count 22 in entwined with the evidence of several other counts in the Superseding Indictment.

*Limiting instructions*

Defendant's Motion to Sever correctly notes, limiting instructions can be used to cure any prejudice that might follow from the evidence (ECF 91 at 4) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993); see also *United States v. Arce-Serrano*, 21 F. *App'x* 623, 625 (9th Cir. 2001). Further when joining counts, prejudicial impact can be negated when each additional count is supported by strong evidence – lessening the other count' spillover effect. *Id.*

A "crucial factor" in the Ninth Circuit's review of a joint trial is how the trial court instructed the jury. *Douglass*, 780 F.2d at 1479. "We must insure that the trial court properly instructed the jury on the limited admissibility of evidence." *Johnson*, 820 F.2d at 1071; *see also Burgess*, 791 F.2d 676 (highlighting district court's three separate instructions to separately decide each charge). In *Johnson*, the district court did not separate the counts during evidence presentation, but the court instructed the jury that each count was to be considered separately. *Id.*

The jury in this case will be instructed that it must find beyond a reasonable doubt Defendant Fiorentino committed each separate count. [1] The Court can give additional limiting instructions to the jury.

Conclusion

For the foregoing reasons, the United States requests that the Court deny Defendant Fiorentino's Motion to Sever. Defendant has not met his high burden of showing "manifest prejudice" that compels this Court to frustrate and disregard the dominant concern of judicial economy and Count 22 separately from the other 21 counts: a jury will be able to compartmentalize the evidence; the evidence on the counts is admissible as to the other counts; and limiting instructions will be given. Defendant Fiorentino's Motion should therefore be denied.

Respectfully submitted this 29th day of September, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/Jacqueline Schesnol
JACQUELINE SCHESNOL
Assistant U.S. Attorney

---

[1] *See* 9th Circuit Model Jury Instruction 6.11 Separate Consideration of Multiple Counts—Single Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Brian Russo

*s/J. Schesnol*
U.S. Attorney's Office