**LAW OFFICE OF BRIAN F. RUSSO**
**Brian F. Russo, Esq. (018594)**
**Attorney at Law**
10037 East Dynamite Blvd
Suite C-101
Scottsdale, AZ 85262
Telephone (602) 340-1133
email: bfrusso@att.net

Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**DISTRCIT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Christopher Michael Fiorentino,<br><br>Defendant. | Case No.: 2:20-CR-00642-GMS-1<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

COMES NOW the Defendant, Christopher Michael Fiorentino, by and through undersigned Counsel, and hereby submits his Sentencing Memorandum in support of a sentence of probation, which is sufficient but not greater than necessary to satisfy the legitimate goals of sentencing.

This Memorandum is made based upon the papers and pleadings filed herein, the attached Memorandum of Points and Authorities, and any oral argument which may be heard at a date and time set by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **FACTS**

Mr. Fiorentino has been litigating for nearly 5 years. During this time, he has aggressively defended himself while participating is his litigation and respecting the judicial process. While being subject to the release condition and criminal justice system restrictions he has at all times been compliant and maintained constat contact with Counsel.

Mr. Fiorentino was originally charged with possession of an unregistered firearm. The original firearm, which was the genesis of the investigation in the case was alleged to be less than 16-inch barrel length by the ATF agents. However, after tech branch measurement it was determined that the length was in fact 16 inches. Nevertheless, this sort of recklessness on the part of the ATF persisted.

Numerous items alleged to be subject to NFA registration turned out not to be NFA items or were not in a configuration inconsistent with lawful possession until after the ATF reconstructed or changed their configuration. Ultimately, after numerous meetings with the government a plea agreement was reached to reflect conduct consistent with facts. Mr. Fiorentino plead guilty to one count of false statement on a Form 4473 and wire fraud for PUA loan information. The other

charges or allegations have either been dismissed, cannot be sustained or are not related to the offense conduct for which he accepted responsibility.

Mr. Fiorentino is a 46-year-old man who graduated college. He is in a long term stable and loving relationship. He enjoys a close relationship with his family and spends time with his mother frequently. Currently, Mr. Fiorentino, who was a golf pro, spends his time teaching golf to young people interested in the game. He often does this for no compensation simply for love of the sport.

As is noted, he has no criminal history and is by all accounts a caring person who gives back to his community. He has had a passion for firearms collection and spent his time and resources building a collection. He also spent time with others who are passionate about firearms and educated himself on collectible pieces. As a result of his conviction, he will be forever prohibited from an endeavor he enjoyed and in which he built many friendships.

## II. Legal Discussion

The fundamental rule governing consideration for the district court in sentencing is the directive of Congress that the district court "shall impose a sentence sufficient**, *but not greater than necessary***, to comply with [the purposes of sentencing]" (emphasis added). 18 U.S.C. § 3553(a); *Pepper v. U.S.* 131 S.Ct. 1229, 1242 (2011) ("sentencing judge's overarching duty under § 3553(a) [is to] to impose a sentence sufficient, but not greater than necessary" to comply with the

sentencing purposes set forth in § 3553(a)(2)”).[1]

**A. The advisory Guideline range is greater than necessary to satisfy the purpose of sentencing.**

Courts have long recognized that where the sentence called for by the guidelines would result in punishment greater than necessary the court can depart downward. *United States v. Roth, 2008 U.S. Dist. LEXIS 19603.* A sentence within the Guideline range, in Mr. Fiorentino’s case would be far greater than necessary to comply with the factors set forth in 18 U.S.C. §3553(a) which require the Court to consider the need for the sentence imposed:

> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

***Seriousness of Offense and Respect for Law***

It is understood that firearms related offenses and fraud offenses are serious and are treated as such. It should be noted, however that Mr. Fiorentino became

[1] *U.S. v. Johnson* 635 F.3d 983 (7th Cir. 2011)(The essence of *Kimbrough* is to permit district courts to depart from the advisory ratio when its application would result in a sentence that is “greater than necessary to accomplish the goals of sentencing.”); *U.S v.Chavez*, 611 F.3d 1006, 1010 (9th Cir. 2010) (explaining that § 3553(a)’s parsimony clause expresses “an overarching principle [that] necessarily informs a sentencing court’s consideration of the entire constellation of section 3553(a) factors” (alteration in original, quotation marks omitted));*U.S. v. Carty* 520 F.3d 984 (9th Cir. 2008) (*en banc*) (this principle is the “overarching statutory charge); *U.S. v. Hussein* 478 F.3d 318 (6th Cir. 2007) (“The plain import of *Booker* is that a 1-day, below-the-Guidelines sentence, no less than a 7,300-day, above-the-Guidelines sentence, is now a viable sentence for a district court to impose so long as it is authorized by statute and reasonable within the meaning of 18 U.S.C. § 3553(a)”).

involved with firearms as a collector and transacted all of his firearms in compliance with ATF forms. Mr. Fiorentino made efforts to stay informed about Firearms law and to ensure that he was compliant.

His offense of false statement on Form 4473 requires explanation. Mr. Fiorentino understands his conduct and accepts responsibility for its illegality. He only offers the following as contextual mitigation.

The address he used on the Form 4473 is his mother's address and a residence in which he previously lived. When he became involved in real estate, he began living in some of the houses he intended on selling after remodeling. In order to maintain continuity with mailing and financial information he left his mother's address as his residence.

His Mother still lives at this address and this is the residence at which ATF was able to locate Mr. Fiorentino through his mother. He was not trying to obfuscate his whereabouts and recognizes that the purpose of the Form 4473 is to be able to locate the purchaser of the firearm. He admitted the offense conduct but simply asks that the Court recognize the nature of the offense.

***Deterrence***

As noted in the previous paragraphs, Mr. Fiorentino does not need a sentence of imprisonment to encourage deterrence from unlawful conduct. He is able to conform his conduct to that of a law-abiding citizen and has done so his entire life. It should not be minimized, that simply having a felony conviction dramatically changes Mr. Fiorentino's life. He is firearms collector who spent a great deal of his resources on collectible firearms. He will now be forever prohibited from this activity and the associations of friendship that came with it.

Mr. Fiorentino can no longer possess firearms and cannot engage in his passion for collecting firearms. His felony conviction will also be an impediment to his investment activities. Clearly, he understands the seriousness and the lifelong impact a felony has on him. *U.S. v. Libby* (Where Scooter Libby convicted of perjury and obstruction of justice and receives 30- month guideline sentence, President Bush commutes prison time in part because conviction is "harsh" where **"t**he reputation he gained through his years of public service and professional work in the legal community is forever damaged [and where] the consequences of his felony conviction on his former life as a lawyer, public servant and private citizen will be long-lasting.") (found at http://www.whitehouse.gov/news/releases/2007/07/20070702-3.html)**.**

Finally, the likelihood that defendant "will engage in future criminal conduct [is] a central factor that district courts must assess when imposing sentence." *Pepper v. U.S.* 131 S.Ct. 1229, 1242 (2011). Mr. Fiorentino is **not** considered a risk to reoffend. *Fiorentino PSR* at pp. 21-22. Accordingly, this factor favors a sentence of probation.

***Protect the Public***

As noted briefly above and as will be detailed more below, Mr. Fiorentino is by all accounts a thoughtful and caring person. He did not set out commit criminal offenses or cause harm to anyone. The public is not at risk from Christopoher Fiorentino who has no history of violence of committing any acts of harm to anyone. He is a person that continues to give of his time, care for those around him and consciously looks for ways to improve his community. *U.S. v. Edwards* 595 F.3d 1004 (9th Cir. 2010) (where defendant convicted of bankruptcy fraud and on probation for prior state conviction for fraud and where guidelines range 27-33 months, sentence of probation, seven months of which was to be served under house arrest did not abuse discretion of Court in part because "Section 3553(a), for instance, does not require the goal of general deterrence be met through a period of incarceration.").

Congress specifically discussed probation as a deterrent when enacting §3553. The Legislative History of §3553 confirms this principle: "It may very often be that release on probation under conditions designed to fit the particular situation will adequately satisfy any appropriate deterrent or punitive purpose. *S. Rep. No. 98-225, at 92 (footnote omitted)*.

***To Provide the Defendant with Needed Educational or Vocation Training, Medical Care, or other Correctional Treatment***

Mr. Fiorentino graduated College with a Business Degree. He ran several successful businesses and investments. He is in good health and does not drink, smoke or use any illicit substances.

Accordingly, all 3553(a) factors favor a sentence of Probation as a sufficient sentence that is not greater than necessary to achieve the legitimate goals of sentencing in general.

On a National level, sentences are considered far too long. Excessive sentences have the danger to breed disrespect for the criminal justice system and brings it into disrepute.[2] *See e.g.*, *Speech of Attorney General Eric Holder on April 15, 2013 and on August 12, 2013 delivered to the ABA convention in San Francisco*. A.G. Holder stated "Too many people go to too many prisons for far too long for no good law enforcement reason.

---

[2] "For the first time, more than one in every 100 adults is now confined in an American jail or prison....The United States incarcerates more people than any country in the world, including the far more populous nation of China. At the start of the New Year, the American penal system held more than 2.3 million adults. China was second, with 1.5 million people behind bars, and Russia was a distant third with 890,000 inmates, according to the latest available figures. Beyond the sheer number of inmates, America also is the global leader in the rate at which it incarcerates its citizenry, outpacing nations like South Africa and Iran." " Pew Report (Feb. 28, 2008), *One in 100: Behind Bars in America 2008* (found at http://www.pewcenteronthestates.org/report_detail.aspx?id=35904). "The US rate of incarceration is the highest in the world." Fact Sheet, National Council on Crime and Delinquency (November, 2006), found at http://www.nccd-crc.org/nccd/pubs/2006nov_factsheet_incarceration.pdf

…Statutes passed by legislatures that mandate sentences, irrespective of the unique facts of an individual case, too often bear no relation to the conduct at issue, breed disrespect for the system, and are ultimately counterproductive…. We need to ensure that incarceration is used to punish, to rehabilitate, and to deter — and not simply to warehouse and forget." found at http://www.justice.gov/iso/opa/ag/speeches/2013/ag-speech-130404.html

Justice Anthony Kennedy recently observed that long sentences, among other things, are "an ongoing injustice of great proportions," and that "long sentences have appalling effects on people's lives." (public conversation with Harvard Law School Dean Martha Minow, reported in the *Harvard Gazette* of October 22, 2015), found at http://news.harvard.edu/gazette/story/2015/10/kennedy-assails-prison-shortcomings/

**C. Conclusion**

Mr. Fiorentino has been under a criminal justice system sanction for nearly five years. He has at all times remained complaint. He has actively participated in his litigation and continued to live his life with his girlfriend. He has demonstrated beyond dispute that he will be compliant with any terms this court sets for him and is an appropriate candidate for probation supervision as his sentence.

By all accounts, Mr. Fiorentino is a man who will never experience the criminal justice system again. He has been completely compliant while on pretrial services. He works hard and takes care of his responsibilities. He has remained accountable for his actions and endeavors to continue to improve. This speaks

volumes about who he is and who he will continue to be. Given his involvement in the instant offense, his significant respect for the process and his profound demonstration of an ability to rehabilitate, a sentence of probation is warranted.

DATED this 5th day of August, 2025.

*/s/ Brian F. Russo*
Brian F. Russo
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically transmitted the attached document to the Master Sealed Event E-Mail phxcoopseal@azd.uscourts.gov for filing and mailed a copy to the the following CM/ECF registrant:

Jacqueline Schesnol
Asst. United States Attorney

/s/Brian F. Russo